# West Mahanoy Township Firemen's Relief Assn. v. West Mahanoy Township

*J. J. Gallagher*, for plaintiff.
*Burke & Burke*, for defendant.

HICKS, P. J., February 23, 1937.—This is an action of assumpsit brought by plaintiff to recover from defendant the sum of $391.52, alleged to be due from the proceeds of the 2 percent tax on premiums of foreign fire insurance companies doing business in this Commonwealth. The statement of claim and affidavit of defense were filed and the case placed on the November 1936 trial list. Counsel for both parties agreed that only a question of law was involved and agreed that it be submitted to the court for decision upon written briefs.

It is admitted that plaintiff is a corporation organized under the laws of this Commonwealth, with its principal office in Shenandoah Heights, West Mahanoy Township, this county, for the purpose of extending relief to the families of any members who meet death as the result of the performance of public fire duty. From the date of its incorporation on May 31, 1932, up to and including May 28, 1934, it was the only firemen's relief fund association in existence in West Mahanoy Township and has been recognized since May 23, 1932, by the township supervisors as a firemen's relief association.

Under the Act of April 25, 1929, P. L. 709, as amended by the Act of April 30, 1935, P. L. 122, provision is made for a tax payment by foreign insurance companies in the amount of 2 percent of premiums on business done within the Commonwealth, to be paid to the State Treasurer, and in turn by said officer to the treasurers of the several mu-

nicipalities in such sum as is represented by 2 percent of the premiums paid by foreign insurance companies doing business in said municipality, as shown by the report made to the Department of Revenue.

By the provisions of the Act of 1935, supra, each township receiving any payment from the State Treasurer thereunder shall forthwith pay the amount received to the relief fund association of the fire department or of such fire company or fire companies now existing or hereafter organized in such township as is or are engaged in the service of such township and duly recognized as such by the commissioners of such township.

During 1935 the Treasurer of West Mahanoy Township received from the State Treasurer under said act the sum of $170.10, and on February 5, 1936, the sum of $221.42, or a total of $391.52. The former amount represented tax money collected up to and including January 1, 1933, while the latter was the unexpended portion of the accumulated tax up to and exclusive of the year 1932 in the hands of the State Treasurer.

On May 31, 1932, two of the West Mahanoy Township fire companies incorporated as the West Mahanoy Township Firemen's Relief Association and were accredited by the board of supervisors. On May 28, 1934, the remaining three fire companies formed Lost Creek Firemen's Relief Association, being incorporated on June 4, 1934.

Plaintiff claims both the sums, $170.10 and $221.42, or a total sum of $391.52, because it was the only accredited relief association in existence at the time these sums were paid to the State Treasurer, while defendant contends the sums should be distributed amongst the two associations in existence when the township treasurer received the sums from the State Treasurer. In other words, the question is whether the township treasurer shall distribute the 2 percent foreign insurance company tax received by him to those relief associations in existence at the time he received it, or to those that were in existence at the time the tax was collected.

This is an entirely new question and we do not have the benefit of any construction by the other courts of this State. The Act of June 28, 1895, P. L. 408, was the first act providing for payment by the State Treasurer to the treasurers of the several cities and boroughs of one half the net amount received from the 2 percent tax paid upon premiums by foreign insurance companies. Under this act the fund was to be used in the discretion of the local authorities for any lawful purpose, and was not appropriated to any particular purpose: Firemen's Relief Assn. v. Scranton, 217 Pa. 585. This act was amended by the Act of April 20, 1905, P. L. 229, so as to include townships of the first class, and was further amended so as to provide for the payment of the entire net amount of the foreign insurance companies' tax and to include townships generally, by the Act of July 15, 1919, P. L. 964. Up to 1929, the law made no appropriation of the funds for any particular purpose.

But by the Act of April 25, 1929, supra, sec. 1, amendatory of previous legislation on the question, it was provided that:

". . . each . . . township receiving any payment from the State Treasurer hereunder [foreign insurance company tax], shall forthwith pay the amount received to the Relief Fund Association of . . . such . . . fire companies . . . now existing, or hereafter organized, in such . . . township, as is or are engaged in the service of such . . . township, and duly recognized as such by the . . . commissioners . . . of such . . . township. Warrants for the above purposes shall be drawn by the Auditor General, payable to the treasurers of the several . . . townships . . . whenever there are sufficient funds in the State Treasury to pay the same."

Under the Acts of 1895 and 1929, if a township has no relief fund association for firemen it cannot use for any other purposes moneys received from the State Treasurer under said acts, and they should be returned to the State Treasurer, since the moneys are required to be paid to

local relief funds for firemen: Relief Funds for Firemen, 13 D. & C. 65. No relief fund association has any vested interest in the foreign fire insurance company tax when paid to the State Treasurer. Only those associations eventually participate which are duly recognized by the township authorities, and there may well be an association which is not recognized. If all had a vested interest as of the date of payment to the State Treasurer the provision as to those recognized being alone the recipients eventually would be abortive. Again, no funds are payable under any circumstances to the townships for appropriation unless there are sufficient funds in the State Treasury to pay. It seems obvious that the funds received by the township treasurer are to be distributed, when received, to the associations then recognized and engaged in the township's service and not solely to the associations in existence when the State Treasurer receives the tax.

This interpretation is further confirmed by the amendatory Acts of April 20, 1933, P. L. 51, 53, and April 30, 1935, P. L. 122, 123. In the former act it is provided that the amount received by the township treasurer from the tax shall be forthwith paid to the relief fund association of the fire companies of any adjoining city, borough or township which afford fire protection to the said township inhabitants, if there is no fire company in the township. Certainly it would not be argued that if such association came into being after the tax was paid to the State Treasurer the township treasurer would, after he received it, be compelled to return it even though there was then in existence such an association. He would be compelled so to do if the date of receipt by the State Treasurer controlled who was to receive the money when paid to the township. We do not think this to be a reasonable interpretation of the legislative intent. The Act of 1935 simply amends the Act of 1933 by changing "adjoining" to "near or adjacent" township.

The appropriation Act of April 18, 1935, no. 8-A, does not bear the construction placed upon it by plaintiff. Sec-

tion 1, par. 1, simply provides that only to those townships, etc., in which relief associations were maintained in 1932 was the accumulated fire insurance tax in the possession of the State Treasurer appropriated thereunder. The second paragraph of section 1 provides that the township treasurer "shall forthwith pay the amount received to the relief fund, . . . of the fire . . . companies . . .organized in such . . . township . . . and duly recognized as such by the corporate authorities thereof." We believe this act also confirms our view that the relief associations entitled to participate in the distribution of the funds are those in existence when the tax funds are paid· to the township treasurer and not when received by the State Treasurer. We must therefore conclude that plaintiff is not entitled to receive the funds sued for.

And now, February 23, 1937, judgment is hereby directed to be entered in favor of defendant and against plaintiff. From G. Harold Watkins, Frackville.